UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PERRY MACKALL,

    Plaintiff,                                    CASE NO. 05-CV-10104

v.                                              DISTRICT JUDGE DAVID M. LAWSON
                                                   MAGISTRATE JUDGE CHARLES BINDER

PAUL H. RENICO, *et al.*,

    Defendants.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. §§ 1915A(b), 1915e(2)(B), & 42 U.S.C. § 1997e(c)(1)**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that this case be ***SUA SPONTE*** **DISMISSED WITHOUT PREJUDICE** for failure to demonstrate exhaustion of administrative remedies as required by 42 U.S.C. § 1997e(a).

**II.    REPORT**

    **A.    Introduction**

This *pro se* prisoner civil rights case brought pursuant to 42 U.S.C. § 1983 was referred to the undersigned Magistrate Judge for general case management by United States District Judge David M. Lawson. (Dkt. 4.) The case is one of thirty-two cases filed by Plaintiff on March 24, 2005, in the United States District Court for the Western District of Michigan. Twenty of those cases, including this one, were transferred to this Court on the basis of venue.

Plaintiff is currently housed at the Michigan Department of Correction's Deerfield Correctional Facility in Ionia, Michigan. The events giving rise to his claims against Warden Paul

Renico, however, occurred in 2003 at the MDOC's St. Louis Correctional Facility in St. Louis, Michigan. Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) was granted on June 13, 2005. After screening the *pro se* prisoner complaint, I conclude that the case is ready for Report and Recommendation.

**B.     Standard of Review**

This case is subject to initial screening by the Court under two separate provisions of the United State Code – one that applies to civil complaints filed by prisoners, 28 U.S.C. § 1915A,[1] and one that applies to civil complaints filed *in forma pauperis*. 28 U.S.C. § 1915(e).[2] Pursuant to these statutes, as well as 42 U.S.C. § 1997e(c)(1),[3] the Court is to *sua sponte* dismiss the case before service on a defendant if it determines that the action is frivolous or malicious, fails to state

---

[1] 28 U.S.C. § 1915A provides in pertinent part:

(a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

   (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
   (2) seeks monetary relief from a defendant who is immune from such relief.

[2] 28 U.S.C. § 1915(e)(2)(B) provides in pertinent part that,

[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . .

   (I)  is frivolous or malicious;
   (ii) fails to state a claim on which relief may be granted; or
   (iii) seeks monetary relief against a defendant who is immune from such relief.

[3] 42 U.S.C. § 1997e(c)(1) provides that

[t]he court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A case is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989). When determining whether a complaint fails to state a claim for relief, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176 (6th Cir. 1996) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)); FED. R. CIV. P. 12(b)(6). Although federal courts are required to liberally construe the pleading of a *pro se* plaintiff and to hold it to a less stringent standard than a similar pleading drafted by attorneys, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999), a *pro se* plaintiff's complaint nevertheless must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). A claim brought under 42 U.S.C. § 1983 requires proof of two essential elements: (1) the defendant was a person acting under the color of state law; and (2) the defendant deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States of America. *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996).

**C.     Discussion**

Plaintiff brings three claims against Defendant Warden Paul Renico in his *pro se* complaint. First, he states that he "kited" Defendant Warden Paul Renico on September 24, 2003, about harassment and other actions being taken against him by Unit Officer Krawczak. (Compl. at 6.)

Plaintiff reports that Warden Renico responded by informing Plaintiff that he was putting Inspector Fenby in charge of an investigation into Krawczak's actions. Plaintiff asserts, however, that putting Inspector Fenby in charge of an investigation is like putting a blind man in charge of a sunglasses stand. Thus, Plaintiff's first claim is that Defendant Warden Renico was deliberately indifferent to his safety. Second, Plaintiff asserts that he was transferred in retaliation for filing a grievance against Officer Krawczak and that Warden Renico was "without authorization to transfer this writer to a facility that could not provide medical care for this writer's [diabetic] medical condition." (Compl. at 7.) Third, Plaintiff contends that he notified Warden Renico that he needed to be housed in a bottom bunk in a non-smoking unit, but the warden did not respond. (*Id.*)

I suggest that the claims against Defendant Warden Renico be *sua sponte* dismissed without prejudice for failure to demonstrate exhaustion of administrative remedies. Pursuant to the Prison Litigation Reform Act, prisoners are required to exhaust all available administrative remedies prior to filing suit. 42 U.S.C. § 1997e(a). The Sixth Circuit has recently held that "mixed" complaints – those raising both exhausted and unexhausted claims – are not allowed under the PLRA. Thus, all claims raised in a complaint must have been completely exhausted prior to filing suit or the entire case must be *sua sponte* dismissed without prejudice. *Jones Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005).

The MDOC provides prisoners with a three-step grievance procedure for bringing forward their concerns and complaints. *See generally* MDOC Policy Directive 03.02.130. To have administratively exhausted a § 1983 claim against a particular defendant, a prisoner must have alleged the mistreatment or misconduct by that specific defendant at the first step of the grievance process. *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003). Moreover, to meet the burden of

4

demonstrating exhaustion to the Court, a prisoner must "plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and outcome." *Knuckles El v. Toombs*, 215 F.3d 640,642 (6th Cir. 2000).

In this case, Plaintiff did not attach any grievance documentation to his complaint. Therefore, to have satisfied the exhaustion requirement, he must have "describe[d] with specificity the administrative proceeding and outcome." *Knuckles-El*, 215 F.3d at 642. Plaintiff failed to do so. Instead, he made the vague statement that "grievances were filed"(compl. at 7), and checked a box on the form complaint answering "no" to the question of whether he appealed the Step I decision to Step II. (Compl. at 5.) In addition, he attached to his complaint several long lists of grievance identification numbers spanning several years' time. (See attachments 2, 7, 8, 9 and 10 to complaint.) Plaintiff's statement and lists of numbers fail to demonstrate that he ever named Defendant Renico in a Step I grievance that was appealed through Steps II and III of the process, let alone that he fully exhausted all three claims raised against Defendant Renico as required. Accordingly, I suggest that the complaint is subject to *sua sponte* dismissal without prejudice for failure to comply with the exhaustion rule of 42 U.S.C. § 1997e(a), which is a "mandatory threshold requirement in prison litigation." *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000).

I also note that although the only defendant named in the caption of the complaint is Paul H. Renico, Plaintiff attached to his complaint a list of numerous other individuals who were also docketed as defendants in this case. Plaintiff, however, did not make any allegations against them in the body of his complaint. Instead, he filed separate actions against them in this Court and in the United States District Court for the Western District of Michigan. Accordingly, I suggest that

Plaintiff has failed to state a claim against these other defendants in this particular action, *see Chapman v. City of Detroit,* 808 F.2d 459, 465 (6th Cir. 1986) (some factual basis for § 1983 claims must be set forth in the pleadings), and therefore suggest that the complaint is subject to dismissal with regard to these additional defendants.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                 s/ *Charles E. Binder*
                                                 CHARLES E. BINDER
Dated: July 28, 2005                            United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date and served in the traditional manner on Perry MacKall and Honorable David M. Lawson.

Dated: July 28, 2005                              By        s/Mary E. Dobbick
                                                               Secretary to Magistrate Judge Binder